**11-6188872**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In Re:

ARKADY OSTROVSKY,                        Chapter 7
                                                   Case No.:12-44124-nhl

                       Debtor.
----------------------------------------------------X

**APPLICATION IN SUPPORT FOR AN ORDER AUTHORIZING THE TRUSTEE TO SELL TO CHARLOTTE OSTROVSKY THE ESTATE'S RIGHT, TITLE AND INTEREST IN THE MORTGAGE NOTE HELD ON THE REAL PROPERTY LOCATED AT 42 BIRCHWOOD ROAD, CORAM, NEW YORK FOR THE SUM OF $10,000.00**

        **RICHARD J. MCCORD**, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirms the following to true under the penalties of perjury:

### INTRODUCTION

1.    I am the duly appointed Chapter 7 Trustee of the Estate of Arkady Ostrovsky ("Trustee") having been appointed on June 4, 2012 and as such I am fully familiar with the facts and circumstances set forth herein.

2.    The Trustee hereby submits this Application for an Order (i) authorizing the Trustee to sell to Charlotte Ostrovsky, the estate's right, title and interest in the Mortgage Note held on the Real Property located at 42 Birchwood Road, Coram, New York, for the sum of $10,000.00, subject to higher and better offers, pursuant to 11 U.S.C. §105(a) and §363(b)(1) and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and (ii) for such other, further and different relief as this Court deems just, proper and equitable.

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §157, 11 U.S.C. §105(a) and §363(b)(1) and Bankruptcy Rules 2002(a)(2) and 6004.

## BACKGROUND FACTS

4.  On June 4, 2012 ("Filing Date"), Arkady Ostrovsky (the "Debtor") filed a voluntary Chapter 7 petition.

5.  The Debtor was examined by the Trustee at the §341A Meeting of Creditors held on July 11, 2012. At said meeting, the Debtor advised that he held a Mortgage Note with Charlotte Ostrovsky ("Charlotte"), from the sale of their real property located at 42 Birchwood Road, Coram, New York 11727 (the "Coram Property").

6.  On July 11, 2012, the Debtor amended the Statement of Financial Affairs to include the sale of the Coram Property and the ownership interest in the private mortgage held by him and Charlotte on the Coram Property. Annexed hereto as "Exhibit A" is a copy of the Statement of Financial Affairs.

7.  On or about January 10, 2012, the Debtor and Charlotte sold their interest in the Coram Property to John and Susan O'Donnell for the sum of $235,000.00. From the sale, the Debtor and Charlotte held a Mortgage Note in the initial sum of $47,500.00, which was executed by all parties on January 10, 2012 and recorded on January 24, 2012 (the "Mortgage Note"). Annexed hereto as "Exhibit B" is a copy of the Mortgage Note.

8.  The Trustee has received an offer from Charlotte in the amount of $10,000.00 to purchase the estate's right, title and interest in the Mortgage Note. Annexed hereto as "Exhibit C" is a copy of the correspondence from counsel for Charlotte reiterating the offer.

9.  The Trustee wishes to sell the Mortgage Note subject to higher and better offers. The sale of the Mortgage Note is "as is", without any warranties and/or guarantees.

10. The Trustee believes that the offer by Charlotte is in the best interest of the estate taking into consideration the Debtor's half interest in the Mortgage Note, which would be of very little interest to prospective non-party purchasers. In addition, the Trustee would not

incur any additional costs for professionals in connection with the sale of the interest in the Mortgage Note.

## BASIS FOR RELIEF

11. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in ordinary course of business, property of the estate". 11 U.S.C. §363(b)(1).

12. Bankruptcy Rule 2002(a)(2) requires that twenty one days notice be given to parties in interest. Fed.R.Bankr.Pro. 2002(a)(2). Bankruptcy Rule 6004(a) provides that notice of the proposed sale of property shall be given to all creditors and parties in interest. Fed.R.Bankr.Pro.6004(a).

13. The total amount of the sale is $10,000.00. The Claims Bar Date was scheduled for November 5, 2012 and the total amount of timely filed unsecured claims is $52,457.80, with a priority claim in the amount of $898.74. After payment of the administrative fees and expenses and the priority claim in full, the timely filed unsecured claims would receive approximately 13.3% distribution of the estate.

## CONCLUSION

14. As there are no novel issues of law presented by this motion, the Applicant respectfully requests that this Court waive E.D.N.Y.-LBR 9013-1(a) requiring that a separate memorandum of law be submitted in connection with this Application.


[the remainder of this page left intentionally blank]

**WHEREFORE**, it is respectfully requested that the Court enter an Order (i) authorizing the Trustee to sell to Charlotte Ostrovsky, the estate's right, title and interest in the Mortgage Note Held on the Real Property Located at 42 Birchwood Road, Coram, New York 11727 for the Sum of $10,000.00; and (ii) for such other, further and different relief as this Court deems just, proper and equitable.

Dated:  East Meadow, New York
          January 3, 2013

                **CERTILMAN BALIN ADLER & HYMAN, LLP**

BY:  /s/ Richard J. McCord
      **RICHARD J. MCCORD, ESQ.**
      Chapter 7 Trustee for the Estate of
      Arkady Ostrovsky
      90 Merrick Avenue
      East Meadow, New York 11554
      (516) 296-7000