## PROMISSORY NOTE

**Amount:** $150,000         Dated: November 19, 2009

FOR VALUE RECEIVED, each of the undersigned, Angelo Inzaleco, as President of Fratelli's Fine Foods, Inc., a New York corporation, with offices located at 77 Main Street, Stony Brook, New York ("Maker") and Angelo Inzalaco and Maria Inzalaco, each a New York resident, residing at 41 wichard Blvd., Commack, New York 11725 ("Guarantors") collectively, jointly and severally,, promise to pay to Fratelli's Market Place Inc., a New York corporation f/k/a "Preskel Specialty Foods, Inc.," with offices located at 18 Mink Lane, East Setauket, New York 11733, and its assigns and successors (collectively, *"Payee"),* the principal sum of One Hundred Fifty Thousand and 00/100 ($150,000.00) United States Dollars, together with interest on the unpaid principal balance at the annual rate of 6% per annum, as set forth below in more detail.

1.        **Interest and Principal.**

1.1 Principal and Interest. The principal amount of this Promissory Note, together with interest accrued thereon in arrears, shall be due and payable in 36 equal monthly installments of $4,563.29 commencing on January 1, 2010, and due of the first day of each succeeding month thereafter through December 1, 2012, when the remaining principal amount and accrued interest shall be payable in full. Interest on the unpaid principal balance of this Promissory Note shall be due and payable together with each installment of principal paid pursuant to this Promissory Note. Any installment of interest and/or principal not paid within five (5) calendar days after it becomes due and payable shall bear interest at the rate of 12% per annum. Interest shall be calculated on the basis of a 360-day year and shall accrue only on the unpaid principal balance (except if any accrued interest that is not paid when due shall be deemed unpaid principal and thereafter the interest shall accrue—on the such previously unpaid interest amount—until all such previously unpaid interest amounts are paid in full). Interest shall continue to accrue hereunder until all sums due hereunder have been paid in full.

Interest for the period from the date of closing through ~~January 1, 2010,~~ December 1, 2009, shall be paid, at the rate of $25.00 per diem, upon the execution of this Note [AI] [MI]

1.2 Delivery of Payment. All payments made hereunder shall be made by check mailed first class, postage paid to the Payee at the address set forth above or to such other address as the Payee may from time to time designate in writing to the Maker. If any payments are required to be made on a day that is not a Business Day (as hereinafter defined) the date on which such payment is required to be made shall be extended to, and such payment shall be required to be made on, the next Business Day. "Business Day" shall mean a day other than Saturday, Sunday and any day that is a legal holiday in the State of New York or a day on which banking institutions in such State are authorized by law to close. Such extension of time shall be incorporated into the calculation of

interest payable under this Promissory Note.

1.3 Prepayment. This Note may be prepaid, without premium or penalty, in whole or in part, at any time or from time at the option of the Maker, by paying to the Payee prepaid principal amount together with interest accrued thereon through the date of prepayment; provided that no prepayment (except for the final payment representing all amounts due and owing), in full or in part, shall in any way relieve Maker from making the next installment due pursuant to this Promissory Note.

2.  **No Subordination.** The indebtedness evidenced by this Promissory Note is superior to, and shall not in any way be subordinate or junior in right of payment, to any other debt of Maker. This Note is secured by the Security Agreement entered into concurrently herewith among the Maker and the Payee *("Security Agreement")*, pursuant to that certain Asset Purchase Agreement of even date herewith *("Purchase Agreement")*, between the Payee and the Maker.

3.  **Defaults and Remedies.**

3.1  Events of Default. An *"Event of Default"* shall occur if:

(a)  the Maker fails to pay the interest and/or principal on this Promissory Note within three calendar days after it becomes due and payable;

(b)  the Maker breaches any covenant, representation, agreement, or provision in this Promissory Note, the Security Agreement, the Purchase Agreement, the Supply and Trademark License Agreement, all of even date herewith, and/or the Lease for the premises in which the Maker operates its business;

(c)  the Maker pursuant to or within the meaning of Title 11, U.S. Code, or any similar federal or state law *("Bankruptcy Law")*: (i) commences a voluntary case; (ii) consents to the entry of an order against it for relief in an involuntary case; or (iii) makes a general assignment for the benefit of its creditors; and/or

(d)  a court of competent jurisdiction enters an order or decree under any Bankruptcy Law that: (i) is for relief against the Maker in an involuntary case; (ii) appoints a any receiver, trustee, assignee, liquidator, or similar official under any Bankruptcy Law for all or substantially all of the assets of Maker; or (iii) orders a liquidation of Maker.

3.2 Acceleration; Other Remedies. If an Event of Default occurs (after any applicable cure period), the holder of this Promissory Note may, by notice to the Maker, declare the principal of and accrued interest on this Promissory Note to be immediately due and payable. In addition to the right of acceleration, upon the occurrence of an Event of Default, the Payee shall have any and all of the rights and remedies contained in the Security Agreement and or Supply and

Trademark License Agreement. If an Event of Default occurs (after any applicable cure period), the holder of this Promissory Note may pursue any available remedy to collect the payment of interest, principal, or premium, if any, on this Promissory Note or to enforce any provision of this Promissory Note, Purchase Agreement, the Security Agreement and or the Supply Trademark and License Agreement. All remedies are cumulative to the extent permitted by law.

    4.    **No Setoffs and Counterclaims; Attorney Fees.** All payments by the Maker pursuant to this Promissory Note shall be paid in full without setoff or counterclaim of any nature whatsoever, and without reduction for, and free from any and all taxes, levies, imposts, duties, fees, charges, deductions or withholdings of any type or nature imposed by any government or any political subdivision or taxing authority thereof except for the following:

    a.    In the event a certain refrigeration unit is not approved for a Certificate of Occupancy, and needs to be relocated at the direction of the local building authority in order to cure any violations and obtain a Certificate of Occupancy, and expenses paid by the Maker for such relocation and/or municipal approval, shall be offset from the note.

    b.    The foregoing offsets shall be taken against the next note payment or payments due by the Maker, and such payments shall be reduced accordingly, until the full offset has been taken for such expenses and liabilities.

    c.    As is set forth in the Asset Purchase Agreement of even date, in the event of sales tax liability attributable to the Payee, Maker shall be entitled to a set-off against the sums due hereunder for any liability incurred by the Maker arising from the payment thereof.

If any payment on this Promissory Note is not paid when due or if any default occurs, following notice and an opportunity to cure as set forth in the Security Agreement, the Maker promises to pay all reasonable costs of enforcement and collection, including but not limited to, Payee's reasonable attorneys' fees.

    5.    **Waivers; Nonassignment.** Maker hereby waives diligence, presentment, protest and demand, notice of protest, dishonor and nonpayment of this Promissory Note and expressly agrees that, without in any way affecting the liability of the Maker, Payee may extend any maturity date or the time for payment of any amounts due hereunder, accept additional security, and release any security now or hereafter securing this Promissory Note. Maker further waives, to the fullest extent permitted by law, the right to plead any and all statutes of limitations as a defense to any demand on this Promissory Note, or the Security Agreement, or any other agreement now or hereafter securing this Promissory Note. The Payee's acceptance of any payment in an amount less than the amount then due shall be deemed an acceptance on account only, and the Payee's acceptance of any such partial payment shall not constitute a

waiver of Payee's right to receive the entire amount due and owing hereunder. Upon a default hereunder, neither the failure of Payee to promptly exercise its right to declare the outstanding principal and accrued unpaid interest hereunder to be immediately due and payable, nor the failure of Payee to demand strict performance of any other obligation of the Maker or any other person who may be liable hereunder, shall constitute a waiver of any such rights, nor a waiver of such rights in connection with any future default on the part of the Maker or any other person who may be liable hereunder. Any delay, omission, and/or extension of time by the holder of this Promissory Note in exercising any right or remedy accruing upon an Event of Default shall not impair the right or remedy or constitute a waiver or acquiesce in the Event of Default. Except with the advance written consent of Payee, Maker shall not assign and/or otherwise transfer (including by operation of law and/or via change of control of any of its equity interests) any of its obligations in connection with this Promissory Note.

6. **Choice of Law; Venue; Jurisdiction; Waiver of Jury Trial.** This Note shall be governed and controlled as to validity, enforcement, interpretation, construction, effect and in all other respects, including, but not limited to, the legality of the interest charged hereunder, by the statutes, laws and decisions of the State of New York without giving effect to such State's conflicts of laws principles. The Maker hereby irrevocably consents to the exclusive venue and jurisdiction of the federal and state courts located in New York with respect to any proceeding that is brought in connection with the Note. The Maker hereby expressly and irrevocably waives the right to a trial by jury in any action or proceeding arising from this Promissory Note.

7. **Personal Guaranty.** <u>The Guarantors hereby personally guaranty the full performance and payment of each and every debt and obligation of the Maker hereunder.</u> This Guaranty is irrevocable, continuing, indivisible and unconditional and shall remain in full force and effect until obligations hereunder are fully paid, notwithstanding the making by the Maker of an assignment for the benefit of creditors, or the disaffirmance of any of the obligations by a trustee in bankruptcy. This Guaranty is and shall be direct and primary obligation of the Guarantors and may be enforced by the Payee without prior resort to the Maker or the exhaustion of any rights or remedies the Payee may have against the Maker. The Guarantors hereby expressly waives notice of extension of time of any payment. The Guarantors have not and will not set up or claim any defense, counterclaim, set-off or other objection of any kind to the suit, action or proceeding at law, in equity, or otherwise, or to any demand or claim that may be instituted or made under and by virtue of the Guaranty, except that Guarantors may assert any

*[handwritten margin annotations: initials "AF", "VL"; "except as permitted in paragraph 4,"; carets inserting "except as permitted in paragraph 4" before "counterclaim"]*

defense based upon a set-off permitted pursuant to paragraph 4 above..   All remedies of the Payee by reason of or under the Guaranty are separate and cumulative remedies, and it is agreed that on one of such remedies shall be deemed an exclusion of any other remedies available to the Payee. This Guaranty may not be changed or terminated orally.  No modification or waiver of any provision of the Guaranty shall be effective unless such modification or waiver shall be in writing and signed by the Payee.  No course of dealing between the Guarantors and the Payee in exercising any rights or remedies hereunder shall operate as a waiver or preclude the exercise of any other rights or remedies hereunder.

IN WITNESS THEREOF, the undersigned has duly signed this Promissory Note.

FRATELLI'S FINE FOODS,
INC., as Maker

_____
by Angello Inzalaco, Pres.

_____
Angello Inzalaco, Guarantor

_____
Maria Inzalaco, Guarantor

## ACKNOWLEDGMENT

STATE OF NEW YORK )
COUNTY OF SUFFOLK)

On the 19th day of November in the year 2009, before me, the undersigned, personally appeared Angello Inzalaco as President—of FRATELLI'S FINE FOODS, INC., personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY

JAMES P. CALAMIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CA4942637
Qualified in Suffolk County
My Commission Expires October 03, 20__

## ACKNOWLEDGMENT

STATE OF NEW YORK )
COUNTY OF SUFFOLK)

On the 19th day of November in the year 2009, before me, the undersigned, personally appeared Angello Inzalaco personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY

JAMES P. CALAMIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CA4942637
Qualified in Suffolk County
My Commission Expires October 03, 20__

## ACKNOWLEDGMENT

STATE OF NEW YORK )
COUNTY OF SUFFOLK)

On the 19th day of November in the year 2009, before me, the undersigned, personally appeared Maria Inzalaco personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument

NOTARY

JAMES P. CALAMIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CA4942637
Qualified in Suffolk County
My Commission Expires October 03, 20__