UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In Re:

       ARKADY OSTROVSKY,

                Debtor.
----------------------------------------------------X

Hearing Date: May 7, 2013
Hearing Time: 11:30am
Chapter 7
Case No.: 12-44124-nhl

## NOTICE OF MOTION FOR RECONSIDERATION

**PLEASE TAKE NOTICE**, that upon the Affirmation of Alla Kachan, Esq.,

a motion will be made to this Court before the Honorable Nancy H. Lord, Honorable Judge of

the United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New

York, on **May 7, 2013 at 11:30am** of that day or as soon thereafter as counsel can be heard for a

Reconsideration of Order to sell Estate Property;

STATEMENT OF FACTS:

1.The property in question, located at 42 Birchwood Road, Coram, New York, 11727,
was owned by the spouses of Mr. and Mrs. Ostrovsky during the time of their marriage.
There came a time in 2010 when Mrs. Ostrovsky left Mr. Ostrovsky and moved to reside
in the state of Arizona. The property was thereafter sold, and the spouses came to hold a
joint interest in a Mortgage note on the property.

2. The Trustee , at no time prior to the filing of the Notice of Presentment, provided
notice that he is seeking to sell the interest in the mortgage note or made an inquiry as to
whether the debtor would make an offer for the purchase of the interest in the note. On
or about January 3, 2012 the Trustee filed a Notice of Presentment and Application in
Support for an Order Authorizing the Trustee to Sell to Charlotte Ostrovsky the Estate's
Right, Title and Interest in the Mortgage Note Held on the Real Property in question.

3. On or about January 18, the Debtor, by his attorneys, Law Offices of Alla Kachan,
P.C. filed an Objection to the Trustee's Motion to Sell.

4. On January 31, 2013, the parties appeared in Court on the Trustee's Motion to Sell.
The Court ordered the Trustee to schedule an auction sale, allowing for higher offers to
be made for the purchase of the interest in the Mortgage note.

5. The Court notified us that in the event that the Debtor does not intend to make an offer, written notice of such intention must be provided to the trustee.

6 . Having consulted with the client, and been advised that the client does intend to make an offer at the auction sale, we did not issue any notice to the contrary was at any time given by the Debtor or by his attorneys on his behalf. As a result of the foregoing, we formed a belief that the auction sale would go forward on the date to be set by the Trustee.

7. Unfortunately, as of on or about February 2nd , I became ill with a recurrent pneumonia (Please see disability certificate attached as Exhibit A).

8. As of February 2nd, I attended only several pre-scheduled 341 meetings and remained and was physically out of the office for most of the following two weeks. On February 1, 2013, the Notice of Auction Sale was electronically filed by the Trustee.

9. As a result of my absence and the failure of my office staff to forward the notice to me in its' entirety, I inadvertently failed to take notice of the terms of the Notice of Auction Sale entered by the Trustee on February 02/01/13. The auction date was calendared by my staff, however the terms listed in the notice requiring a written offer to be made within (14) days of the date of the Notice were not complied with as a result. Incidentally, a copy was not served on our office by mail until after the proposed Auction date.

10. At the time that my client and I appeared at the offices of Certilman, Balin, Adler & Hyman, LLP, on February 28th, 2013 at the scheduled time, we were informed that the sale would not take place as we did not comply with the terms of the notice. The client was in possession of funds in the amount of 10,001 (Please see exhibit B- a copy of the certified check).

## ARGUMENT

11. The Standard for Reconsideration was set forth in Hoffenberg v. Hoffman &Pollok, 296 F. Supp. 2d 504, 505 (S.D.NN.Y. 2003):
"A motion for reconsideration is appropriate where a court overlooks controlling decisions of factual mattes that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court."

12. Under the facts at hand the court did not overlook factual matters, but simply was not aware of relevant factual matters at the time that the order was signed. It is our contention however, that while the Trustee quickly moved for an order authorizing the sale before the scheduled auction date, the Debtor's Notice of Further Opposition to order of sale was nevertheless timely.

13. In light of the foregoing, we respectfully request that the Order Authorizing the Trustee to Sell to Charlotte Ostrovsky the Estate's Right, Title and Interest in the Mortgage Note Held on the Real Property Located at 42 Birchwood Road, Coram, NY for the Sum of $10,000

13. In light of the foregoing, we respectfully request that the Order Authorizing the Trustee to Sell to Charlotte Ostrovsky the Estate's Right, Title and Interest in the Mortgage Note Held on the Real Property Located at 42 Birchwood Road, Coram, NY for the Sum of $10,000 not be entered and the Debtor be afforded the opportunity to make the higher offer. Our office is currently in possession of the certified funds constituting the higher offer.

13. An entry of said order would result in a grave injustice to the debtor, as he was not initially granted an opportunity to purchase the Estate's interest in the Note, and while the subsequent error was in part due to circumstances beyond our control, I apologize to the court and Trustee for the resulting inconvenience and respectfully reiterate our plea to allow the Debtor another chance to purchase the interest of the Estate in the note, which will ultimately result in a benefit to the creditors in the Chapter 7 case of the Debtor.


Dated: Brooklyn, New York
March 15, 2013


Law Offices of Alla Kachan, P.C.
415 Brighton Beach Avenue
2nd Floor
Brooklyn, NY 11235

/s/ Alla Kachan, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

           ARKADY OSTROVSKY,

                   Debtor.
-------------------------------------------------------X

Hearing Date: May 7, 2013
Hearing Time: 11:30am
Chapter 7
Case No.: 12-44124-nhl

### AFFIRMATION IN SUPPORT OF MOTION FOR RECONSIDERATION

      Alla Kachan, Esq., An attorney duly admitted to practice before the Eastern District of

the Federal Bankruptcy Court of the State of New York, affirms the following to be true under

the penalties of perjury:

1.     I am an attorney for the Debtor, Arkady Ostrovsky and I am fully familiar with

     the facts and circumstances of the instant Motion for Reconsideration.

2.     I make this Affirmation in support of the Motion for Reconsideration of Order to

     Sell Estate Property, and seeking costs and compensatory damages, based on

     the following facts:

     STATEMENT OF FACTS:

1.The property in question, located at 42 Birchwood Road, Coram, New York, 11727, was owned by the spouses of Mr. and Mrs. Ostrovsky during the time of their marriage. There came a time in 2010 when Mrs. Ostrovsky left Mr. Ostrovsky and moved to reside in the state of Arizona. The property was thereafter sold, and the spouses came to hold a joint interest in a Mortgage note on the property.

2. The Trustee , at no time prior to the filing of the Notice of Presentment, provided notice that he is seeking to sell the interest in the mortgage note or made an inquiry as to whether the debtor would make an offer for the purchase of the interest in the note. On or about January 3, 2012 the Trustee filed a Notice of Presentment and Application in Support for an Order Authorizing the Trustee to Sell to Charlotte Ostrovsky the Estate's Right, Title and Interest in the Mortgage Note Held on the Real Property in question.

3. On or about January 18, the Debtor, by his attorneys, Law Offices of Alla Kachan, P.C. filed an Objection to the Trustee's Motion to Sell.

4. On January 31, 2013, the parties appeared in Court on the Trustee's Motion to Sell. The Court ordered the Trustee to schedule an auction sale, allowing for higher offers to be made for the purchase of the interest in the Mortgage note.

5. The Court notified us that in the event that the Debtor does not intend to make an offer, written notice of such intention must be provided to the trustee.

6 . Having consulted with the client, and been advised that the client does intend to make an offer at the auction sale, we did not issue any notice to the contrary was at any time given by the Debtor or by his attorneys on his behalf. As a result of the foregoing, we formed a belief that the auction sale would go forward on the date to be set by the Trustee.

7. Unfortunately, as of on or about February 2nd , I became ill with a recurrent pneumonia (Please see disability certificate attached as Exhibit A).

8. As of February 2nd, I attended only several pre-scheduled 341 meetings and remained and was physically out of the office for most of the following two weeks. On February 1, 2013, the Notice of Auction Sale was electronically filed by the Trustee.

9. As a result of my absence and the failure of my office staff to forward the notice to me in its' entirety, I inadvertently failed to take notice of the terms of the Notice of Auction Sale entered by the Trustee on February 02/01/13. The auction date was calendared by my staff, however the terms listed in the notice requiring a written offer to be made within (14) days of the date of the Notice were not complied with as a result. Incidentally, a copy was not served on our office by mail until after the proposed Auction date.

10. At the time that my client and I appeared at the offices of Certilman, Balin, Adler & Hyman, LLP, on February 28th, 2013 at the scheduled time, we were informed that the sale would not take place as we did not comply with the terms of the notice. The client was in possession of funds in the amount of 10,001 (Please see exhibit B- a copy of the certified check).

11. In light of the foregoing, we respectfully request that the Order Authorizing the Trustee to Sell to Charlotte Ostrovsky the Estate's Right, Title and Interest in the Mortgage Note Held on the Real Property Located at 42 Birchwood Road, Coram, NY for the Sum of $10,000 not be entered and the Debtor be afforded the opportunity to make the higher offer. Our office is currently in possession of the certified funds constituting the higher offer.

12. An entry of said order would result in a grave injustice to the debtor, as he was not initially granted an opportunity to purchase the Estate's interest in the Note, and while the subsequent error was in part due to circumstances beyond our control, I apologize to the court and Trustee for the resulting inconvenience and respectfully reiterate our plea to allow the

subsequent error was in part due to circumstances beyond our control, I apologize to the court and Trustee for the resulting inconvenience and respectfully reiterate our plea to allow the Debtor another chance to purchase the interest of the Estate in the note, which will ultimately result in a benefit to the creditors in the Chapter 7 case of the Debtor.

Dated: Brooklyn, New York
March 15, 2013

Law Offices of Alla Kachan, P.C.
415 Brighton Beach Avenue
2nd Floor
Brooklyn, NY 11235

/s/ Alla Kachan, Esq.